Avert, J.
The supreme court upon the circuit looked' upon the contract of the drawer and indorser of a bill of exchange as settled by the mercantile law, and as taking a. definite form, and bearing obligatory upon each party at the time of putting his name upon the. instrument. They applied to the case the rule, that parol evidence is inadmissible to control or alter such contract; and th.at a private agreement or understanding is at an end when the contract between the parties is reduced to writing. At an early day, by a decision-made in this court, in the case of Douglass v. Waddle, 1 Ohio Rep. 413, a principle was sanctioned which changed the commercial rule as to accomodation notes; and held, that the parties putting their names upon such paper, for the ben efit of the person obtaining the money, were joint securities-only, and could recover from each other only upon the principles applicable to that relation. But upon a more recent occasion, in the case of Williams v. Bosson & Brother, 11 Ohio Rep. 62, the court refused to extend the rule to another species of commercial paper; and then decided, that as to bills of exchange, the indorsers are not joint securities, but are separately liable in the order of their becoming parties upon the instrument. It is not intended to question the authority of this last decision. The payee of a bill of exchange has doubtless shown a case for recovery, against the drawer, when he has given proof of the drawing of the bill, the presentment at *443 maturity for payment, the non-payment and notice to the-drawer. But will the defendant be considered as attempting, by the introduction of parol evidence, to change the terms of a written contract, or a contract implied by the law, when he-sets up a prior verbal agreement between the parties to become-joint sureties upon the bill, and offers to show that their names' were put upon the bill according to such agreement? The court has decided at the present term, in the case of The Ohio Life Insurance and Trust Company v. Thomas McCague, that the act for the relief of sureties and bail in certain cases, will be construed to 'extend to the parties to a bill of exchange, and that the holder, on receiving from a surety whose name is on the bill, the notice prescribed by the statute, must proceed against the principal, or he will forfeit his rights against the surety. For such a purpose, parol evidence is admitted, to-prove who is principal and who is security. So in the present case, as between the parties themselves to an arrangement,, parol proof may be given that they agreed to become joint securities for another, and by means of a bill of exchange, to raise money for his use. And if by such means the money is procured, the parties in a subsequent suit between themselves,, touching the same matter, may sét up the agreement, in whatever shape their names may appear upon the bill. If the maker of a note, without receiving a consideration, deliver it to the payee, to enable him to borrow money for his own use, he can, without doubt, set up that fact as a defense, when afterwards sued on the note by the payee. The defendant and-plaintiff having agreed as joint securities, by means of a bill of exchange, to enable Rix to borrow money, are bound as between themselves to divide the loss occasioned by the failure of the principal, and the defendant, having paid his half of the loss, is no further liable, although his name appears upon the bill as drawer, while that of the plaintiff is on the bill only as indorser. The supreme court of Muskingum county having decided otherwise, their judgment is reversed.